IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James R. Watson, Jr., | C/A No. 4:25-cv-11694-SAL |
| Plaintiff, | |
| v. | **ORDER** |
| Doris Poulos O'Hara, and the Honorable H.S. DeBerry, IV, | |
| Defendants. | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) ("Report"). [ECF No. 9.] In the Report, the magistrate judge recommends summarily dismissing this matter because the defendants are entitled to immunity and based on abstention principles. *Id.* at 2–3. Plaintiff objects to this recommendation. *See* ECF No. 11. For the reasons below, the court adopts the Report and summarily dismisses the case.

**REVIEW OF A MAGISTRATE JUDGE'S REPORT**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district

1

court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The Report outlines the relevant facts and standards of law, which this court incorporates by reference. [ECF No. 9.] In sum, Plaintiff is suing a state court judge and a state clerk of court, claiming they violated his constitutional rights by not enforcing a judgment he received in state court. *See* ECF No. 1.

The magistrate judge recommends this court summarily dismiss this case. First, the magistrate judge notes that Defendant DeBerry is entitled to judicial immunity. [ECF No. 9 at 2–

3.] Second, the *Rooker-Feldman* doctrine bars this court from reviewing state court orders. *Id.* at 2–3. Third, clerks of court may be entitled to quasi-judicial immunity and the claims against Defendant O'Hara should be dismissed, as well. *Id.* at 3.

Plaintiff objects and has filed multiple motions. [ECF No. 11.] The court addresses Plaintiff's objections and motions below.

## I.     Motion to Amend

Plaintiff moves to amend his complaint. [ECF No. 12 at 1.] His proposed amended complaint replaces Defendant DeBerry with "Chief Judge/Presiding Judge of the 12th Judicial Circuit of South Carolina" and Defendant O'Hara with "Florence County Clerk of Court." *Id.* Like in his original complaint, Plaintiff claims he has been denied due process, equal protection, and access to courts. *Cf.* ECF No. 1. He also claims the Florence County Clerk of Court and Sheriff's Department maintained a policy or practice of refusing to process bank account garnishments, thereby limiting Plaintiff's collection on his civil judgment to property liens only, and depriving Plaintiff of constitutional rights. *Id.* at 3. The Federal Rules of Civil Procedure provide that a party may amend its pleadings by leave of court and that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). A motion to amend should be denied only when it would be prejudicial, there has been bad faith, or the amendment would be futile. *HCMF Corp. v. Allen*, 238 F.3d 273, 276–77 (4th Cir. 2001). Plaintiff's amended complaint names the same defendants—replacing their names with their titles but making the same general allegations against them.[1] *See* ECF No. 12 at 2–4. And for the reasons discussed below, the Defendants are immune from suit based on the nature of their actions that Plaintiff challenges. They are immune whether named

---

[1] Although Plaintiff purports to raise claims against Florence County, South Carolina, he does not include that entity in the caption of his amended complaint. Additionally, the claims themselves are essentially the same as those in the original complaint.

specifically or more generally. Accordingly, the court denies the motion to amend as the proposed amendment would be futile.[2]

## II.    Judicial Immunity

Defendant DeBerry is entitled to judicial immunity. Judges have immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). And "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles*, 502 U.S. at 11 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). For that reason, "judicial immunity is not overcome by allegations of bad faith or malice . . . ." *Id.* (citing *Pierson v. Roy*, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly . . . .")).

In his objections, Plaintiff asserts that judicial immunity does not apply where Plaintiff's "claims are not directed at the substance of judicial rulings, but at the failure to enforce valid judgments that were already secured." [ECF No. 11 at 1.] Plaintiff offers no case law to support this argument. The Supreme Court has established the following limited circumstances in which judicial immunity can be overcome: "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction." *Id.* (internal citations omitted). These circumstances are not present here. The court thus overrules Plaintiff's objection and dismisses the claims against Defendant DeBerry.

---

[2] Also, Plaintiff has a separate action pending in this court raising some of the same allegations against Florence County and Defendant O'Hara. *See Watson v. Florence County*, 4:25-cv-12967-SAL. The proposed amended complaint is duplicative of the complaint in that action—another reason for denying Plaintiff's motion to amend.

## III.    Quasi-Judicial Immunity

Clerks of court may be entitled to quasi-judicial immunity, depending on the nature of their actions and the claims against them. *See* ECF No. 9 at 3. As explained by the Fourth Circuit, "court clerks enjoy derivative absolute judicial immunity when they act in obedience to a judicial order or under the court's direction." *Hamilton v. Murray*, 648 F. App'x 344, 345 (4th Cir. 2016) (citing *McCray v. Maryland*, 456 F.2d 1, 5 (4th Cir. 1972); *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995) (holding that causes of action against clerks of court for negligent conduct impeding access to the courts cannot survive)).

Plaintiff's submissions confirm that the clerk of court acted under court direction in denying bank garnishments.[3] *See* ECF No. 11 at 2 ("This is not a case of clerical filing errors—

---

[3] The court notes it is unclear whether Plaintiff has properly instituted supplementary proceedings under South Carolina law to collect on the civil judgment he obtained. But the state court docket suggests that such proceedings are ongoing or may have been potentially waived by Plaintiff.

The court takes judicial notice of the state court docket for Plaintiff's civil case. *See Watson v. Welch*, 2023-CP-21-01574, Florence County Twelfth Judicial Circuit Public Index, https://publicindex.sccourts.org/Florence/PublicIndex/PISearch.aspx (search Case # 2023CP2101574) (last accessed Nov. 7, 2025). That record shows that the Florence County Sheriff's Office attempted to locate property in Defendant Welch's name for levy but was unsuccessful, and a Nulla Bona return was filed on October 3, 2025. Plaintiff moved to authorize a bank levy on September 3, 2025 (after he filed this action), but he withdrew his motion on October 13, 2025.

Although the court is not well-familiar with the precise mechanics for South Carolina's judgment-collection procedures, those procedures require more than a judgment-holder's mere filing of paperwork, and the clerk's administrative processing:

> Judgments generally are enforced by way of writs of execution issued to the sheriff. *See* S.C. Code Ann. § 15-35-180 (1976) (providing that judgments requiring the payment of money or the delivery of real or personal property "may be enforced in those respects by execution as provided in this Title"); S.C. Code Ann. § 15-39-80 (setting forth the requirements for the contents of execution, including that it be directed to the sheriff and intelligibly refer to the judgment, stating the court, the county in which the judgment roll or transcript is filed, and the amount of the judgment). If a judgment is unsatisfied, the judgment creditor may institute supplementary proceedings to discover assets. S.C. Code Ann. § 15-

39-310. In addition to their discovery functions, supplementary proceedings "furnish a means of reaching, in aid of judgment, property beyond the reach of an ordinary execution, such as choses in action." *Lynn v. Int'l Brotherhood of Firemen & Oilers*, 90 S.E.2d 204, 206 (S.C. 1955).

Here, A & J sought to satisfy its judgment by obtaining funds in an [Service Management, Inc.] bank account. The relationship between a general depositor and his bank is that of a creditor and a debtor, and money deposited, unless put into a special account or specifically designated to be kept separate, becomes the property of the bank and goes into its general account. *Owens v. Andrews Bank & Trust Co.*, 220 S.E.2d 116 (S.C. 1975). The funds on deposit thus are no longer the personal property of the depositor; instead, the depositor has a chose in action against the bank for the recovery of the deposit. *McManus v. Bank of Greenwood*, 171 S.E. 473 (S.C. 1933); *see also* 30 Am. Jur. 2d Executions & Enforcement of Judgments § 651 (1994) (customary deposits in a bank create debts owed by the bank to the depositor and may be reached through supplementary proceedings). Therefore, the money in the [bank] account could not be reached through execution and levy, but only through supplemental proceedings. *McManus*, 171 S.E. at 474.

After issuing or return of an execution against the property of a judgment debtor, the judgment creditor may file an affidavit with the court stating that a third party has property of the judgment debtor or that a third party is indebted to the judgment debtor. S.C. Code Ann. § 15-39-350. The court may then order the third party to appear and answer questions concerning the property or indebtedness, and may require notice of the proceedings be given to any additional party it deems necessary. *Id.* After conducting supplementary proceedings, the trial court may order non-exempt property of the judgment debtor in the hands of a third party or owed to the judgment debtor to be applied toward satisfaction of the judgment. S.C. Code Ann. § 15-39-410; *Lynn*, 90 S.E.2d at 206 (chose in action belong to judgment creditor may reach bank account of judgment debtor through supplementary proceedings); *Deer Island Lumbar Co. v. Virginia-Carolina Chem. Co.*, 97 S.E. 833 (1919) (judgment creditor may reach funds in the hands of a third party through supplementary proceedings).

*Johnson v. Service Mgmt.*, 459 S.E.2d 900, 902 (S.C. Ct. App. 1995). The above excerpt makes clear that funds in a bank account are not subject to direct levy or garnishment but may be reached through proper supplementary proceedings, during which the bank and judgment debtor may be heard. *See First Citizens Bank & Trust Co. v. Taylor*, 847 S.E.2d 249, 253 (S.C. Ct. App. 2020) (acknowledging "[t]here is clear authority to reach assets of a judgment debtor in the hands of a third party" but also "the supplementary proceedings [must meet] the statutory requirements governing the procedure to reach the assets" and "the supplementary proceeding [must provide] due process"). This further supports the court's conclusion that Defendant is entitled to quasi-judicial immunity in this matter.

6

this is an administrative denial of enforcement authority."); ECF No. 16 at 2 ("[A]fter conferring with the judge, the civil division maintains that bank levy procedures 'do not apply to civil judgments.' [Deputy Clerk] verified this with the judge to ensure accuracy, documenting that this refusal reflects an official judicial position, not clerical error."). Accordingly, Defendant O'Hara immune.

## IV.    *Rooker-Feldman* Abstention

Finally, *Rooker-Feldman* prohibits United States District Courts "with the exception of habeas corpus actions, from sit[ting] in direct review of state court decisions." *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997) (citing *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 483 n.16 (1983)). "Under the *Rooker-Feldman* doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *Smalley v. Shapiro & Burson, LLP*, 526 F. App'x 231 (4th Cir. 2013) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). Plaintiff's claims seek review of state court enforcement decisions regarding his $315 judgment against Henry Welch. While he prevailed in state court, he challenges the state court's enforcement, which this court cannot review. *Rooker-Feldman* therefore bars his claims.

Since the magistrate judge issued his Report, Plaintiff filed a Motion for Order Directing Waiver of Fees (ECF No. 13), a Motion for Issuance of Subpoena (ECF No. 14), a Motion to Stay Proceedings (ECF No. 15), a Motion to Lift Stay (ECF No. 16), and a Motion for Default Judgment

---

Again, it is not clear that Plaintiff has attempted to properly institute supplementary proceedings. Indeed, based on the withdrawal of his motion in state court, perhaps the relief he seeks here is moot. But, in any event, this order explains why Plaintiff's attempts to have this court require a state court judge and clerk of court to enforce his civil judgment are subject to summary dismissal.

(ECF No. 18). Because this case is being summarily dismissed, the court denies all pending motions, as well.

**CONCLUSION**

For the reasons set forth above, the Report, ECF No. 9, is adopted and incorporated. As a result, this action is **SUMMARILY DISMISSED** without prejudice and without issuance and service of process. Plaintiff's pending motions, ECF Nos. 4, 12, 13, 14, 15, 16, 18, are **DENIED**.

       **IT IS SO ORDERED.**


November 12, 2025                                      Sherri A. Lydon
Columbia, South Carolina                     United States District Judge